UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JANET A. MASTRONARDI, in her capacity as
Guardian for the ESTATE OF
JANE S. JACQUES,
              Plaintiff,
       v.                                    C.A. No. 11-106-ML

HOME INSTEAD SENIOR CARE OF
RHODE ISLAND, INC.,
HOME INSTEAD, INC.,
PHILADELPHIA INSURANCE COMPANIES,
PHILADELPHIA INDEMNITY INSURANCE COMPANY,

              Defendants.

### MEMORANDUM AND ORDER

MARY M. LISI, Chief Judge.

     Janet A. Mastronardi ("Mastronardi"), in her capacity as
Guardian, seeks underinsured motorist coverage under a commercial
automobile insurance policy issued by Philadelphia Insurance
Companies ("Philadelphia") to Home Instead Senior Care of Rhode
Island, Inc. ("Home Instead," together with Philadelphia, the
"Defendants"). The matter before the Court is Mastronardi's
objection to a Report and Recommendation ("R&R") issued by
Magistrate Judge Lincoln D. Almond on May 14, 2012, which
recommended that Mastronardi's motion for summary judgment be
denied and the Defendants' motion for summary judgment be granted.
For the reasons that follow, the Court herewith adopts the R&R in

1

its entirety.[1]

## I. Factual Background and Procedural Posture[2]

On June 5, 2009, Cheryl Thornhill ("Thornhill"), an employee
of Home Instead, in which capacity she was transporting Jane S.
Jacques ("Jacques"), was involved in an automobile accident with
Robert Sawyer ("Sawyer"). Sawyer, who was at fault, had coverage
through GEICO at the Rhode Island state law minimum of $25,000.00
for liability.  Thornhill, who was driving her own car and was not
at fault in the accident, had insurance coverage through
Progressive, also at the minimum amount. Thornhill had refused and
waived uninsured and underinsured motorist coverage under her
policy. Home Instead had a "Commercial Lines Policy" with
Philadelphia (the "Policy"), which stated that "[f]or any covered
'auto' you own, this Coverage Form provides primary insurance. For
any covered 'auto' you don't own, the insurance provided by this
Coverage Form is excess over any other collectible insurance."
Policy, Section IV(B) ¶ 5(a), Page 9 of 12 (Docket # 13-3).

After GEICO offered its policy limits to resolve Jacques'
claim and, because no additional coverage could be expected from

---

[1]

The Court notes that Mastronardi does not object to dismissal
and entry of Judgment as to Home Instead, Inc. insured by First
Specialty Insurance Company. Therefore, Mastronardi's objection is
limited to the R&R as it pertains to Home Instead and Philadelphia.

[2]

In light of the detailed and comprehensive R&R, the Court
provides only a brief summary of the facts pertinent to this case.

Progressive since (1) Thornhill was not at fault, and (2) she had waived underinsured motorist coverage, Mastronardi filed a complaint in this Court on March 16, 2011 (Docket # 1). Mastronardi sought a declaration that, pursuant to R.I. Gen. Laws § 27-7-2.1[3], the Policy provided underinsured motorist coverage to Home Instead for Jacques' injuries.

On December 22, 2011, the parties filed cross-motions for summary judgment (Docket ## 11, 12). Mastronardi argued that, pursuant to Section 27-7.2.1, the Policy constituted the primary underinsurance policy and she suggested that "[i]n this case with significant public policy concerns the Court must 'write in' the uninsured motorist coverage." Pltf.'s Mem. at 13 (Docket #11-1). The Defendants, on their part, argued that the Policy, by its clear

---

[3]
Section 27-7-21. provides, in pertinent part:
a) No policy insuring against loss resulting from liability imposed by law for property damage caused by collision, bodily injury, or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided in or supplemental to the policy, for bodily injury or death in limits set forth in each policy, but in no instance less than the limits set forth in § 31-31-7 under provisions approved by the insurance commissioner, for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of·uninsured motor vehicles and hit-and-run motor vehicles ***

***
(c) For the purposes of this section:

(1) "Policy insuring against loss" means a policy which provides primary coverage for the insured motor vehicle.

terms, provided only excess coverage with respect to Thornhill's vehicle and that, therefore, no underinsured motorist coverage was implicated under Section 27-7-2.1.

The Magistrate Judge agreed with the Defendants and concluded that Mastronardi failed to show that "either the terms of the [Policy] or the operation of R.I. Gen. Laws §27-7-2.1 make Philadelphia or Home Instead RI legally responsible for any uncompensated damages incurred by Ms. Jacques as a result of Mr. Sawyer's negligence." R&R 13 (Docket # 22).

On May 30, 2012, Mastronardi filed an appeal (Docket # 23) to the R&R, to which Defendants replied in opposition on June 11, 2012 (Docket # 25).

## II.  Standard of Review

The Court, in reviewing a magistrate judge's recommendation, makes "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2009). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see also Fed. R. Civ. P. 72(b)(3). When reviewing a magistrate judge's determination, the district court is required to review and weigh the evidence presented to the magistrate judge. United States v. Raddatz, 447 U.S. 667, 675, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

### III. The Appeal

In her appeal, Mastronardi maintains that the Policy "provides 'primary insurance' for any 'covered auto,'" Appeal Mem. at Page 1 of 5, and she argues that "[t]he law requires construction or 'writing in' of the underinsurance [coverage] where the insurance is primary under § 27-7.21." Id. at Page 3 of 5. In response, the Defendants point out that Home Instead did not own the vehicle Thornhill was driving and that, therefore, the Policy did not provide primary coverage.

### IV. Discussion

Based on the plain language of Section 27-7-2.1, the statute only applies to "a policy which provides primary coverage for the insured motor vehicle." R.I. Gen. Laws § 27-7-2.1(c)(1)(emphasis added). As both parties acknowledge, it is established Rhode Island law that "primary coverage is provided when an insurer is liable for the risk insured against, regardless of any other available coverage." Appeal Mem. Page 2 of 5, Defs.' Obj. at 3 (both quoting Brown v. Travelers Ins. Co., 610 A.2d 127, 128 (R.I. 1992)). With respect to Thornhill's personal vehicle, Progressive provided primary coverage. Thornhill, however, had refused and waived uninsured and underinsured motorist coverage. Because Thornhill's vehicle was undisputedly an auto that Home Instead did not own, the Policy, by its clear terms, provided only excess coverage therefor. See Policy Section IV(B), ¶ 5(a) ("For any

5

covered 'auto' you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.").

Mastronardi's suggestion, in reliance on <u>Hindson v. Allstate Ins. Co.</u>, 694 A.2d 682 (R.I. 1997), that a pro rata approach should be applied when the terms of different insurance policies conflict, is unavailing. In this case, Progressive provided primary coverage to Thornhill's automobile, whereas the Policy provided only excess coverage. Because there is no conflict between the two policies' "other insurance" provisions, "it is unnecessary and would be improper, to resort to a pro-rata apportionment of liability." <u>Empire Fire and Marine Ins. Co. v. Citizens Ins. Co. of America/Hanover Ins.</u>, 34 A.3d 56, 61 (R.I. 2012).

In sum, after considering the R&R, Mastronardi's objection thereto, and the Defendants' response, the Court finds that the Magistrate Judge's conclusions and his application of the case law are both sound and entirely supported by the record.

## Conclusion

For the foregoing reasons, Mastronardi's objection to the R&R is DENIED and the Court adopts the R&R in the entirety. Mastronardi's motion for summary judgment is DENIED. The Defendants' motion for summary judgment is GRANTED. The Court declares that the claim asserted by Mastronardi is not covered under the terms of the Policy and the clerk is directed to enter

judgment in favor of the Defendants.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge

June 20, 2012

7